UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Zainab Rizvi,<br><br>    Plaintiff,<br><br>v.<br><br>Lloyd & McDaniel, PLC,<br><br>    Defendant. | Case No. 1:23-cv-1833<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE INDIANA DECEPTIVE CONSUMER SALES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**PARTIES**

1. Plaintiff, Zainab Rizvi ("Zainab"), is a natural person who resided in Whitestown, Indiana, at all times relevant to this action.

2. Defendant, Lloyd & McDaniel, PLC ("L&M"), is a Kentucky professional limited liability company that maintained its principal place of business in Louisville, Kentucky, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, L&M collected consumer debts.

7. L&M regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. L&M is a "debt collector" that regularly collects consumer debts as defined by 15 U.S.C. §1692a(6).

9. L&M is a "supplier" as defined by § 24-5-0.5-2(a)(3) of the IDCSA.

10. As described, *infra*, L&M contacted Zainab to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Zainab is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. On December 5, 2022, Bank of America, N.A., by and through its counsel, L&M, obtained a Final Order in Garnishment (hereinafter the "Proper Garnishment") against Zainab in the Boone Superior Court, Case No. 06D01-2107-CC-000875, for the sum of $2,946.41.

14. On December 11, 2022, L&M mailed the Proper Garnishment to Zainab's employer, Amazon.com.

15. Amazon proceeded to garnish Zainab's wages until he paid the Proper Garnishment amount in full in April 2023.

16. On April 25, 2023, the Clerk of Boone County mailed to L&M notice that the Proper Garnishment was paid in full.  *See* Exhibit A.

17. Said notice informed L&M that it could file a verified objection if it did not agree the judgment should be satisfied/released.

18. The Proper Garnishment actually took more than owed by Zainab.

19. On May 23, 2023, the Clerk of Boone Circuit and Superior Courts mailed a check to Zainab for overpayment. *See* Exhibit B.

20. After already paying more than he owed for a debt, Zainab moved on from the matter and resumed his normal spending levels without the burden of garnishment weighing on his mind and accounts.

21. On June 19, 2023, L&M filed a Release of Judgment in the underlying collection action.

22. Despite Zainab's satisfactory payment and his relief at fulfilling his obligation, L&M again contacted Amazon, this time regarding a debt that he did not owe.

23. On August 1, 2023, L&M sent a garnishment order (hereinafter the "Wrongful Garnishment") to Amazon mandating that Amazon garnish Zainab's wages. *See* Exhibit C.

24. On August 15, 2023, Amazon notified Zainab that it followed the Wrongful Garnishment Order sent by L&M and proceed to again garnish Zainab's earned wages under Case No. 06D01-2107-CC-000875 for the sum of $1066.48.

25. Zainab did not receive notice from L&M or the Boone Superior Court of a Final Order in Garnishment for $1066.48 in Case No. 06D01-2107-CC-000875, and such an order is not in the Indiana Court's public record for the case.

26. Amazon proceeded to garnish Zainab's wages for $1066.48.

27. Zainab retained Hyslip Legal, LLC, to represent him in recovering the money taken from him by a law firm through a legal mechanism.

28. On September 18, 2023, Jeffrey Hyslip, Esq., sent an email to L&M seeking reasonable resolution by notifying them of the issue and requesting the funds be returned to Zainab.

29. L&M did not return Zainab's funds even after ample time to reasonably perform any due diligence or other investigation into wrongfully taking Zainab's wages.

30. L&M's actions caused Zainab to expend time and funds while under duress of garnishment, in reliance on the improper content of the Wrongful Garnishment letter it sent to his employer, to ascertain what his options and possible responses could or should be.

31. L&M's collection efforts with respect to the debt caused Zainab to suffer concrete and particularized harm, inter alia, because the FDCPA provides Zainab with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

32. L&M's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts through enforcing a second garnishment were material misrepresentations that affected and frustrated Zainab's ability to effectively respond to L&M's collection efforts because L&M enforced a garnishment by the Court against Zainab's employer instead of contacting him. Once Zainab's representation contacted L&M, it stonewalled communication.

33. When a debt collector takes property from a consumer, such as garnishing wages, for a debt that is not owed, in violation of statutory law, the debt collector has harmed the consumer.

34. As a result of L&M's deceptive, misleading, unfair, unconscionable, and false debt collection practices, L&M damaged Zainab by taking his earned wages. L&M forced Zainab to live on a fraction of his earned paycheck.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 34 above as if fully set forth herein.

36. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 34 above as if fully set forth herein.

38. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

39. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

40. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

41. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 34 above as if fully set forth herein.

43. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

44. Defendant's policies and procedures, as described, *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

45. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    *See* 15 U.S.C. §1692d.

46. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

47. Defendant violated 15 U.S.C. § 1692d(5) by taking the property of a person.

6

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

48. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 34 above as if fully set forth herein.

49. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

50. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 34 above as if fully set forth herein.

51. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violation of the Indiana Deceptive Consumer Sales Act

52. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 34 above as if fully set forth herein.

53. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.),

>including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).
>
>"A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

54. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

55. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(20), violating the FDCPA.

56. Defendant intended that Plaintiff rely on its unlawful behavior in order to procure immediate payment of the debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

57. Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

58. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

## JURY DEMAND

59. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

60. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b. Judgment against Defendant for statutory damages as provided under I.C. § 24-5-0.5-4(a)(1)(2).

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: October 11, 2023

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Ohio Bar No. 0079315
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*